IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO E. RIDDICK,

    Plaintiff,

v.                                     Civil Action No. 3:19CV472

OLIVER, et al.,

    Defendants.

**MEMORANDUM OPINION**

Antonio E. Riddick, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] Proceeding on the Particularized Complaint ("Complaint," ECF No. 17), Riddick alleges that his Eighth[2] and Fourteenth[3] Amendment rights were violated in an incident in which he was sprayed with a chemical

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

agent and during the subsequent grievance process. (Id. at 1-2.)[4] Riddick names as Defendants: Officer Oliver, a corrections officer at Sussex I State Prison ("SISP"); an individual named Bradshaw, who appears to be an administrator at SISP, Gregory L. Holloway, a regional administrator for the Virginia Department of Corrections; and, I. Hamilton, the Warden of SISP. (Id. at 1; ECF No. 26, at 1.)

The matter is before the Court pursuant to the Court's screening obligations under 28 U.S.C. § 1915(e)(2),[5] and on the Motion to Dismiss jointly filed by Warden Hamilton and Administrator Holloway. (ECF No. 26.) Despite the provision of Roseboro[6] notice, Riddick has failed to respond to the Motion to Dismiss. For the reasons stated below, the claims against Defendants Bradshaw, Hamilton, and Holloway will be dismissed for failure to state a claim upon which relief can be granted.[7]

---

[4] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions.

[5] 28 U.S.C. § 1915(e)(2) authorizes the Court to sua sponte dismiss actions filed by individuals who are proceeding in forma pauperis for failure to state a claim.

[6] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[7] To date, Defendant Bradshaw has not been served. Nevertheless, the Court can dismiss the claim against him for failure to state a claim and as legally frivolous.

2

## I. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering whether to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because

3

they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d

4

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS AND CLAIMS

Riddick alleges, in relevant part, that:

> On 2/15/19, Defendant Oliver told everybody including plaintiff to lock down because pod rec[reation] was over . . . for the . . . night.
> As plaintiff was walking to his cell door, Defendant Oliver shot the gas gun without giving any warning to anyone.
> Plaintiff was hit in the face and back of the neck with chemical agents and particles.
> Plaintiff requested to get a shower to remove the burning chemical agents off his face, however, his request was denied by Defendant Oliver.
> Plaintiff made request to see medical the next day and was treated for the burning chemical agent to his face and eyes that he received.
> Plaintiff submitted an informal complaint/grievance and Defendant Bradshaw, acting for [Warden] Hamilton, denied Plaintiff's complaint, stating that it was unfounded.
> Plaintiff appeal[ed] Defendant Bradshaw's decision . . . to the Regional Office and [Administrator] Holloway [affirmed the] Level 1 response.
> . . . .
> The failure of Defendant[] Bradshaw and [Warden] Hamilton to remedy the wrong after being informed of the violations through Plaintiff's medical reports or

5

>   appeals constituted . . . [a] violation of the Eighth
>   and Fourteenth Amendments . . . .
>   The failure of Defendant Holloway, who set forth
>   policies [and] fail[ed] to remedy [the] wrong . . .
>   constitutes . . . [a] violation of the Eighth Amendment
>   and [the] Fourteenth Amendment . . . .

(ECF No. 17, at 1-2 (paragraph numbers omitted).)

Riddick raises the following grounds for relief:

> Claim One    Officer Oliver violated Riddick's Eighth Amendment right to be free from cruel and unusual punishment when she fired the gas gun. (ECF No. 17, at 2.)
>
> Claim Two    Officer Oliver violated Riddick's Eighth and Fourteenth Amendment rights by denying him an opportunity to "wash off the chemical agents" following the use of the gas gun. (Id.)
>
> Claim Three  Defendant Bradshaw and Warden Hamilton violated Riddick's Eighth and Fourteenth Amendment Rights by finding his informal complaint or grievance to be unfounded. (Id.)
>
> Claim Four   Administrator Holloway violated Riddick's Eighth and Fourteenth Amendment Rights by affirming the denial of Riddick's informal complaint or grievance as unfounded. (Id.)

### III. ANALYSIS

In Claims Three and Four, Riddick takes issue with the fact his informal complaint or grievance against Officer Oliver was dismissed as unfounded and subsequently affirmed on appeal. (ECF No. 17, at 2.) However, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." Booker v. S.C.

6

Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017); see Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Doans v. Rice, No. 87-7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Moreover, the "failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation." Morant v. Vaughn, No. 2:08-cv-155, 2009 WL 6651941, at *6 (E.D. Va. Jan. 8, 2009). Therefore, Claims Three and Four will be dismissed as they are both legally frivolous and fail to state a claim.[8]

---

[8] The Court notes that, as an alternative basis, the claim against Warden Hamilton would be dismissed in any event because Riddick failed to allege facts specifically demonstrating that Warden Hamilton was personally involved in the alleged deprivation of Riddick's rights. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Riddick fails to identify how Warden Hamilton was personally involved in the decision to deny his informal complaint or grievance. While Riddick does state that Defendant Bradshaw was "acting for [Warden] Hamilton," (ECF

7

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 26) will be granted. Claims Three and Four will be dismissed. Defendant Bradshaw, Administrator Holloway, and Warden Hamilton are dismissed as parties to this action. Claims One and Two against Officer Oliver remain. Any party wishing to file a motion for summary judgment must do so within sixty days.

The Clerk is directed to send a copy of this Memorandum Opinion to Riddick and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 1, 2021
Richmond, Virginia

---

No. 17, at 2), that statement, standing alone, is precisely the sort of conclusory allegation that is "not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Because Riddick fails to allege facts to support this conclusion, he fails to state a claim against Warden Hamilton. Thus, Warden Hamilton would be dismissed from this action in any event.